T.C. Memo. 1997-406


UNITED STATES TAX COURT


LEON ALBERT LANDRY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8347-96.                    Filed September 15, 1997.


Leon Albert Landry, pro se.

<u>Michele J. Gormley</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


FOLEY, <u>Judge</u>:  Respondent determined a deficiency in
petitioner's 1991 Federal income tax of $16,842 and additions to
tax, pursuant to sections 6651(a)(1) and 6654, of $4,211 and
$970, respectively.  Unless otherwise indicated, all section
references are to the Internal Revenue Code in effect for the

year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. The issues for decision are as follows:

1. Whether petitioner is liable for the deficiency determined by respondent. We hold that he is liable.

2. Whether petitioner, pursuant to section 6651(a)(1), is liable for an addition to tax for failing to file his 1991 Federal income tax return in a timely manner. We hold that he is liable.

3. Whether petitioner, pursuant to section 6654, is liable for an addition to tax for failing to make estimated tax payments. We hold that he is liable.

4. Whether petitioner has engaged in behavior that warrants the imposition of a penalty pursuant to section 6673(a)(1). We hold that a penalty is warranted and impose a penalty of $5,000.

FINDINGS OF FACT

At the time the petition was filed, petitioner resided in Medfield, Massachusetts. In 1991, petitioner received $52,568 for services rendered to New England Retail Express, Inc. He did not file a 1991 Federal income tax return.

On February 27, 1996, respondent issued a notice of deficiency to petitioner. In it, respondent determined that petitioner, with respect to his 1991 tax year, was liable for a deficiency and additions to tax pursuant to sections 6651(a)(1) and 6654. Respondent mailed the notice to petitioner's residence

in Medfield, Massachusetts. Petitioner received the notice and filed a timely petition.

On January 9, 1997, respondent served petitioner with formal requests to admit facts, answer interrogatories, and produce documents. Petitioner did not respond to the request to admit facts. As a result, the facts were deemed admitted by operation of Rule 90(c). In addition, petitioner did not respond to the requests to produce documents and answer interrogatories. On February 25, 1997, respondent filed motions to compel petitioner to comply with these two requests. This Court, by order dated February 28, 1997, granted respondent's motions and ordered petitioner's compliance. Subsequent to our order, petitioner, in a letter to respondent, denied that he had any of the requested documents. He did not answer any of respondent's interrogatories.

## OPINION

Petitioner contends that this Court lacks jurisdiction because the notice of deficiency was not sent to the proper address. See 6212(b); Monge v. Commissioner, 93 T.C. 22, 27 (1989). At trial, respondent produced a copy of the statutory notice bearing petitioner's address. Petitioner alleged that the address on the notice was altered. Petitioner also contended that the notice was not addressed to him. He testified: "The letter * * * is sent to Leon Landry * * * I am not Leon Landry; my name is Leon Albert Landry." Petitioner's contentions are

without merit.  The notice was mailed to and actually received by petitioner at his last known address.  Sec. 6212(b); see Erhard v. Commissioner, 87 F.3d 273 (9th Cir. 1996), affg. T.C. Memo. 1994-344; Frieling v. Commissioner, 81 T.C. 42, 53 (1983).  We find that the notice is valid and turn to the question of whether respondent correctly determined petitioner's tax liability.

Respondent's determination that petitioner is liable for a $16,842 deficiency is presumed correct, and petitioner bears the burden of proving it erroneous.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Petitioner conceded that he received wages, but contended that his "hard work [did not] [constitute] * * * taxable income."  Petitioner's contention is groundless. Accordingly, we reject it and hold that petitioner is liable for the deficiency.

Respondent also determined that petitioner, pursuant to section 6654, is liable for an addition to tax for failing to make estimated tax payments.  Petitioner has the burden of proving that respondent's determination is erroneous.  Rule 142(a); Baldwin v. Commissioner, 84 T.C. 859, 871 (1985). Petitioner did not offer any evidence relating to this issue. Therefore, we hold that petitioner is liable for the section 6654 addition to tax.

Respondent also determined that petitioner, pursuant to section 6651, is liable for an addition to tax for failing to file a tax return in a timely manner.  In response, petitioner

testified: "I am not a citizen of the United States. I am a citizen of New Hampshire. Therefore, I do not * * * [have] to file a Federal United States Federal [sic] income tax [return]." We reject petitioner's contention and hold that petitioner is liable for the section 6651(a)(1) addition to tax.

Finally, we consider whether petitioner has engaged in behavior that warrants the imposition of a penalty pursuant to section 6673. Section 6673(a)(1) authorizes this Court to penalize a taxpayer for taking frivolous positions or instituting proceedings primarily for delay. At the outset of the trial, we warned petitioner that he would be subject to a penalty if he made frivolous contentions. Nevertheless, he repeatedly asserted that: (1) He, "Leon Albert Landry", was not the "Leon Landry" in the notice of deficiency; (2) as a "citizen of New Hampshire", he was not required to file a Federal income tax return; and (3) the Internal Revenue Service "has not shown * * * [him] its lawful authority to act against him." In addition, petitioner did not comply with our order to answer respondent's interrogatories. He has wasted the time and resources of this Court. Accordingly, this Court will impose a penalty of $5,000 against petitioner pursuant to section 6673.

To reflect the foregoing,

Decision will be entered for respondent.
